IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAMON HAYES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 12-1190-CV-W-HFS |
| ) | |
| US BANK, TRUSTEE, LXS SERIES ) | |
| 2007-5H ) | |
| Defendants. ) | |

**ORDER**

Plaintiffs have filed a motion for remand, pursuant to 28 U.S.C. § 1446. On August 15, 2012, plaintiffs commenced this action in the Circuit Court of Clay County, Missouri, asserting claims, including violations of the Missouri Merchandising Practices Act, against defendants US Bank, Trustee, LXS Series 2007-5H (US Bank); Nationstar Mortgage LLC (Nationstar); First National Mortgage Sources (First National); Millsap & Singer (Millsap); and Aurora Bank, FSB (Aurora Bank). On September 21, 2012, the action was removed to this court by US Bank, Nationstar, First National, and Millsap (the removing defendants). Removal was based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). Plaintiffs seek remand based on the failure by removing defendants to include the consent of defendant Aurora Bank.

It is undisputed that all defendants, with the exception of First National, were served in August of 2012.[1] Although Aurora Bank was served on August 27, 2012, it did not express consent to removal. After removal on September 21, 2012, plaintiffs sought remand on October 24, 2012.

---

[1] Plaintiffs acknowledge that First National has not yet been served. (Motion for Remand: ¶ 6).

In support of their motion, plaintiffs rely on the "rule of unanimity."

In cases of removal, defendants have the burden to prove that removal is proper and that all statutory requirements are met, and courts must construe the removal statute narrowly and resolve any doubt about the propriety of removal in favor of state court jurisdiction. Arechederra v. Hunter's View LTD., 2011 WL 2532924 *1 (W.D.Mo.). The general rule regarding removal holds that all defendants must consent to removal of the action from state to federal court or the case will be remanded. Id. Although this "rule of unanimity" does not require all defendants to sign the removal petition, each defendant must provide notice of consent to the court within thirty days of receiving the plaintiff's complaint/petition. Id. Unanimity of consent for removal purposes decreases the risk of inconsistent adjudications in state and federal courts. Id.[2] It also ensures that one defendant is not allowed to choose the forum for all defendants and it maintains the ability of state courts to hear federal claims that Congress reserved exclusively to the federal courts. Id.

Here, the removing defendants claim that remand should be denied because (1) Aurora Bank now consents to removal and has recently retained counsel; (2) the parties have been attempting to settle the dispute and no party has been prejudiced; and (3) plaintiffs' motion for remand is untimely. Neither of the first two reasons are sufficient to circumvent the procedural defect for the fact remains that Aurora Bank failed to consent to removal until approximately seventy-seven days after being served with plaintiffs' petition, and offers no reasonable explanation for the delay. Thus, the notice of removal filed by the removing defendants was defective because of its failure to join all defendants as required by the Eighth Circuit's interpretation of 28 U.S.C. § 1446.

The removing defendants also claim that plaintiffs have waived any alleged defect based on

---

[2] See also, Byrd v. Auto-Owners Ins. Co., 2008 WL 5071105 *4 (E.D.Mo.) (The principles governing removal are not superflous, they are intended to protect state court sovereignty and a plaintiff's right to choose the forum for adjudication.

failure of unanimity because the motion for remand was filed more than thirty days after removal. Section 1447(c) of Title 28 provides that if there is, as here, a procedural defect, as opposed to a question of jurisdiction, in the removal process the plaintiff must move to remand within thirty days of the filing of the notice of removal or the defect is considered waived. <u>Jambor v. Selective Insurance Company</u>, 2003 WL 1903923 *2 (D.Minn.). Because the notice of removal was filed on September 21, 2012, the remand motion was to be filed on or before Monday, October 22, 2012. Plaintiffs filed their motion two days later on October 24, 2012, and argue that their counsel was not notified of the removal filing by the ECF system, but rather, when he received a hard copy of the notice on September 24, 2012; thereby rendering the remand motion filed on October 24th timely. The record does indeed indicate that defense counsel deposited a copy of the removal notice to plaintiff's counsel in the mail on September 21, 2012 - the same date of the electronically filed document.

Under 28 U.S.C. § 1447(c), to avoid waiver of any procedural defects in the notice of removal, a motion for remand based on any defect other than lack of subject matter jurisdiction must be filed within thirty days of the notice of removal. <u>Phoenix Global Ventures v. Phoenix Hotel Assoc.</u>, 422 F.3d 72, 75 (2nd Cir. 2005). While this deadline is mandatory, judicial discretion has occurred under certain circumstances. In <u>Phoenix Global Ventures</u>, plaintiff's attorney made two attempts to electronically file a remand motion which were unsuccessful, but the third attempt - untimely filed - was successfully filed. In finding the third attempt timely, the court reasoned that there was no statutory language in § 1447(c) that purports to limit the court's power to consider an overdue motion. <u>Id</u>. at, 75. The court further found that procedures for filing are properly dictated by the local rules of the relevant district court because neither the statute nor the Federal Rule of Civil Procedure 5(e) nor case law defined the meaning of "filed," leaving the district court's local

rules as the only authority for when a case was "filed." Id. Moreover, a district court has inherent authority to determine when to overlook or excuse a departure from its own local rules, regardless of whether such departure is authorized in the local rules or not. Id. This reasoning has been followed by district courts in sister circuits under similar circumstances involving questionable timeliness of a remand motion.[3]

Similarly, where a pro se plaintiff raised untimeliness of the removal notice within the statutory period in objections rather than in a formal motion to remand, the court held that he did not waive his right to raise the issue. Jambor, 2003 WL 1903923 at, *2. In holding that the motion to remand should be granted, the court further noted that, as here, the removing defendant did not raise any legitimate justification for the untimeliness of the removal notice. Id, at *3.

The local rules of this court permit documents to be served electronically, but also permits "any other party" to be served according to the local rules and the Federal Rules of Civil Procedure. (Local Rule: 5.1). In computing the time for motion papers, Fed.R.Civ.P. 6(d) provides an additional three days for a party to act when service of a motion was made pursuant to, among other provisions, Fed.R.Civ.P. 5(b)(2)(C) which involves service by mail of a pleading. Consequently, plaintiff was permitted an additional three days from the October 22nd deadline date to act on the removal notice; thus, the remand filing date of October 24th is timely.

In addition to remand, plaintiff also requests attorney's fees incurred as a result of the removal. Section 1447(c) provides for payment of just costs where an order remanding a case has

---

[3] See, Bilbruck v. BNSF Ry. Co., 243 F.App'x 293, 295 (9th Cir. 2007) (technical noncompliance with a local rule or the requirements of an Electronic Case Filing system did not render the remand motion untimely); see also, St. John v. CBE Group, Inc., 2011 WL 613741 * 3 (D.Mass) (where remand motion mailed by pro se plaintiff reached the clerk's office outside th statutory period, the motion was held to be timely filed); Evans v. Bantek West, Inc., 2009 WL 700426 *2 (E.D.Cal.) ( incorrect filing of remand motion in wrong case did not render the filing untimely).

issued. St. John v. CBE Group, 2011 WL 613741 at, *4. However, where as here the removing party had an objectively reasonable basis for seeking removal, it is generally inappropriate for a court to award costs under § 1447(c). Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, the removing defendants sought removal based on diversity jurisdiction under 28 U.S.C. § 1332(a). The removing defendants argued that diversity was achieved because defendant Millsap was fraudulently joined in an effort to defeat diversity. Although the issue of fraudulent joinder was not before this court, the removing defendants set forth an arguably cogent argument. Therefore, attorney's fees and other costs associated with this removal will not be awarded.

Accordingly, it is hereby

ORDERED that plaintiff's motion for remand (ECF doc. 3) is GRANTED. The clerk of the court is directed to REMAND this action to the Circuit Court of Clay County, Missouri.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

January  9 , 2013

Kansas City, Missouri